David C. Allen (SBN 190479)
Joel R. Meyer (SBN 247620)
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894
Email:      david.allen@btlaw.com
            joel.meyer@btlaw.com

David L. Blount, OSB #804586 (*Pro Hac Vice Forthcoming*)
**LANDYE BENNETT BLUMSTEIN LLP**
1300 SW 5th Avenue, Suite 3600
Portland, Oregon 97201
Telephone: (503) 224-4100
Facsimile:  (503) 224-4133
Email:      dblount@lbblawyers.com

Attorneys for Plaintiff
PACIFIC RESOURCES ASSOCIATES LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC RESOURCES ASSOCIATES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SUZY CLEANERS, an organization, form unknown; GUHN Y. KIM and YUN SOON KIM, husband and wife; SUK H. LEE and GAIL LEE, husband and wife as joint tenants; QUANG TRAN and AMY TRAN, husband and wife; PETER L. HUYNH; SANTA MARIA MIDTOWN PROPERTIES, LLC, a California limited liability company; THE KIM FAMILY TRUST OF 2017; JEONG-SOON LONG, an individual; IL YOUNG CHUNG, an individual; ANGELA HONG, an individual; ANGELA K. CHO, an individual; HOWARD A. CHO, an individual; and DOES 1-10,<br><br>Defendants. | Case No.  **'20 CV 0234 GPC AGS**<br><br>**COMPLAINT FOR:**<br><br>1.  Response Costs Recovery under the Federal Comprehensive Environmental Response, Compensation and Liability Act (CERCLA);<br>2.  Contribution Under CERCLA;<br>3.  Declaratory Relief under CERCLA;<br>4.  Contribution Under the California Hazardous Substances Account Act (HSAA);<br>5.  Declaratory Relief Under CCP §1060;<br>6.  Public Nuisance;<br>7.  Private Nuisance;<br>8.  Negligence;<br>9.  Negligence Per Se.<br>10. Waste Under CCP § 732;<br>11. Trespass;<br>12. Equitable Indemnity; and<br>13. Restitution<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff, Pacific Resources Associates LLC, a Delaware limited liability

2   company, alleges as follows:

3                          **JURISDICTION AND VENUE**

4        1.    This is a civil action arising under the federal Comprehensive

5   Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C.

6   § 9601, *et seq*.  This Court has subject matter jurisdiction pursuant to 42 U.S.C.

7   § 9613(b) and 28 U.S.C. § 1331.  The causes of action alleged herein arise under

8   the Constitution, laws, or treaties of the United States, or are supplemental thereto.

9        2.    Plaintiff's claims for relief arise in this district.  Venue is therefore

10   appropriate in this district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b).

11        3.    This Court has jurisdiction over the state law claims for statutory

12   indemnity under Health & Safety Code §§ 25300, *et seq*., negligence, public

13   nuisance, express indemnity, equitable indemnity, comparative equitable indemnity,

14   contribution, declaratory relief, attorney fees, and restitution under the doctrine of

15   supplemental jurisdiction because these claims arise out of the same nucleus of

16   operative facts as the federal claims.

17                                  **PARTIES**

18        4.    Plaintiff is a Delaware limited liability company.

19        5.    Plaintiff is informed and believes and on that basis alleges that

20   defendants Guhn Kim and Yun Soon Kim, husband and wife, as individuals

21   residing in San Diego County, California, during times relevant to this litigation

22   have owned and operated a drycleaning business known as Suzy Cleaners and the

23   real property where it is located at 1654 East Valley Parkway, Escondido,

24   California (the "Property") within the Valley Plaza shopping center.

25        6.    On information and belief and on that basis, Plaintiff alleges that

26   defendants Guhn Y. Kim and Yun Soon Kim have owned the Property and operated

27   a drycleaning facility on it since at least May 1991 to the present.

28        7.    On information and belief and on that basis, Plaintiff alleges that

defendants Jeong-Soon Long, Il Young Chung, Angela Hong, Angela K. Cho and Howard A. Cho are or have been  employed at the Suzy Cleaners and engaged in the operation of the Suzy Cleaners including being responsible for the disposal of spent dry cleaning fluids used at Suzy Cleaners.

8.    On information and belief and on that basis, Plaintiff alleges that on August 11, 2000, Guhn Kim and Yun Soon Kim deeded to Suk H. Lee and Gail Lee, husband and wife, an ownership interest in the Property.

9.    On information and belief and on that basis, Plaintiff alleges that defendants Guhn Kim and Yun Soon Kim deeded a 50% interest in the Property to Quang Tran and Amy Tran, husband and wife, as of August 5, 2004.

10.    On information and belief and on that basis, Plaintiff alleges that defendants Quang Tran and Amy Tran granted a 50% interest in the Property to Peter L. Huyn, on November 24, 2010.

11.    On information and belief and on that basis, Plaintiff alleges that on defendant Peter L. Huynh granted a 50% interest in the Property to Quang Tran on March 25, 2016.

12.    On information and belief and on that basis, Plaintiff alleges that on August 30, 2016, Quang Tran granted an undivided 50% interest in the Property to Santa Maria Midtown Properties, LLC, a California limited liability company.

13.    On information and belief and on that basis, Plaintiff alleges that on December 15, 2017, Guhn Kim and Yun Soon Kim, as joint tenants, deeded a partial interest in the Property to The Kim Family Trust of 2017.

14.    DOES 1-10 are fictitious names of defendants whose true names and capacities are unknown to Plaintiff.  Plaintiff alleges that Does 1-10 are the alter egos of, or in some other way liable and responsible for, damages suffered by Plaintiff as alleged herein.  Plaintiff reserves the right to amend this pleading to insert the names of these persons later when the name and capacity of any such Doe becomes known to Plaintiff.

15.     Plaintiff is informed and believes and on that basis alleges that at all times mentioned in this Complaint one or more of the defendants were acting as the agent, servant, partner, employee assign or joint venture of one or more of the remaining Defendants, and in doing the things described in this Complaint were acting within the course and scope of this agency, service, partnership, joint venture and/or employment with its permission and consent, express and implied, and for the benefit of one or more of the remaining Defendants.

16.     Plaintiff is a "person" as that term is defined in 42 U.S.C. § 6903(15) and CERCLA, 42 U.S.C. § 9601(21).

17.     Each of the defendants is a "person" as that term is defined in 42 U.S.C. § 6903(15) and CERCLA, 42 U. S. C. § 9601(21).

## DEFINITIONS

18.     **Disposal** or **Dispose**.  As used in this pleading, the term "disposal" or "Dispose" shall have the meaning set forth in the Solid Waste Disposal Act ("SWDA") § 1004(3), 42 U.S.C. § 6903(3):

> [t]he discharge, deposit, injection, dumping, spilling, leaking or placing of any solid waste or hazardous waste into or on any land or water so that such waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters.

19.     **Environment**.  As used in this pleading, the term "Environment" shall have the meaning set forth in CERCLA § 101(8), 42 U.S.C. § 9601(8):

> (A) the navigable waters, the waters of the contiguous zone, and the ocean waters for which the natural resources are under the exclusive management authority of the United States … and (B) any other surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States.

20.     **Facility**.  As used in this pleading, the term "Facility" shall have the meaning set forth in CERCLA § 101(9), 42 U.S.C. § 9601(9):

> (A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works) well, pit, pond, lagoon, impoundment, ditch, landfill, storage

container, motor vehicle, rolling stock or aircraft or (B) any Site or area where a hazardous substance has been deposited, disposed of, or placed, or otherwise come to be located.

21. **Hazardous Substance**. As used in this pleading, the term "Hazardous Substance" shall have the meaning set forth in CERCLA § 101(14)(B), 42 U.S.C. § 9601(14)(B), and CERCLA § 101(14)(C), 42 U.S.C. § 9601(14), as listed by the USEPA at 40 C.F.R. § 302.4 pursuant to its authority under CERCLA § 102, 42 U.S.C. § 9602 and applicable state law.

22. **National Contingency Plan**. As used in this pleading, the term "National Contingency Plan" ("NCP") means the National Oil and Hazardous Substance Pollution contingency Plan as set forth in 40 C.F.R. Part 300; the Congressionally-mandated plan developed by the EPA that delineates the required procedures for investigating, analyzing remedial alternatives, responding to, and abating the adverse effects of Releases of Hazardous Substances into the environment.

23. **Site**. As used in this pleading, the term "Site" refers to the tracts of land that comprise the property known as the Valley Plaza Shopping Center including the Plaintiff's Property at 1680 East Valley Parkway, Escondido, California, as well as the structures, soil, soil vapor, indoor air and groundwater thereon, and lands adjacent thereto including Defendants Kim's Property at 1654 East Valley Parkway, Escondido, California.

24. **Release**. As used in this pleading, the term "Release" shall have the meaning set forth in CERCLA § 101(22), 42 U.S.C. § 9601(22):

[a]ny spill, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discharging of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant).

25. **Response Cost(s)**. As used in this pleading, the term "Response Costs" means the costs of "Removal" and "Remedial Actions" of Hazardous

Substances as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and (24), and all other costs to respond to releases of Hazardous Substances, as defined in CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include, but are not limited to, costs incurred to monitor, assess and evaluate the release of Hazardous Substances, as defined in CERCLA § 101(25), 42 U.S.C. § 9601(25).  Such costs include but are not limited to costs incurred to monitor, assess and evaluate the release of Hazardous Substances as well as costs of removal and disposal of the Hazardous Substances.  Such costs also include those incurred in actions to permanently remedy the release of Hazardous Substances, including, but not limited to: (1) the storage, confinement and cleanup of Hazardous Substances, (2) the recycling or reuse, diversion, destruction or segregation of reactive wastes; and (3) any other such action necessary to protect public health, welfare and the environment.  The term "Response Costs" also means any costs and attorney fees incurred in enforcing either removal or remedial actions under CERCLA's scheme for liability, compensation and cost recovery, set forth in CERCLA § 102(25), 42 U.S.C. § 9601(25).

26.   **Environmental Conditions**.  As used in this pleading, the term "Environmental Conditions" means the contamination and pollution at and in the vicinity of the Site due to the presence of Hazardous Substances, and/or other contaminants, including but not limited to the structures, surfaces, soil, soil vapor, indoor air and groundwater thereon.

## COMMON ALLEGATIONS

27.   "The Site" is located upon and adjacent to 1680 East Valley Parkway, Escondido, California, in a portion of the Valley Plaza shopping center.  Plaintiff is informed and believes and on that basis alleges that the Site has been exposed since the 1970s to releases of perchloroethylene ("PCE") into the Environment from the operation of a drycleaning business by Guhn Kim and various other persons under various business names including Suzy Cleaners.

28.     Plaintiff obtained ownership of its Property at 1680 E. Valley Parkway within the Site on February 12, 2001 and continues to own and lease its Property.

29.     Plaintiff is informed and believes and on that basis alleges that all Defendants conducted drycleaning operations at 1654 East Valley Parkway, Escondido, California throughout the period of time from 1971 (or earlier) to the present.  Plaintiff is informed and believes and on that basis alleges that all Defendants' drycleaning operations involved the use of the hazardous substance PCE, a chlorinated solvent commonly used in the drycleaning industry.

30.     PCE is a Hazardous Substance as defined by applicable federal law, and when released into the environment constitutes a hazardous waste.  PCE has been identified by the State of California to be a chemical known to cause cancer and/or to be toxic to the human reproductive system.

31.     Plaintiff is informed and believes and on that basis alleges that Defendants' drycleaning operations at the Site over a period of years released PCE into the soil beneath their Property, which has migrated throughout the Site including to Plaintiff's property.

32.     As a consequence of the Defendants' release of PCE into the soil underlying the Site, it constitutes a "Facility" as defined by CERCLA, 42 U.S.C. § 9601(9).

33.     As past and present Operators of the Site at which Hazardous Substances have been released and have come to be located, Defendants are liable under applicable federal and state environmental laws for the necessary costs incurred, and to be incurred, to investigate and clean up the Release and Threatened Release of Hazardous Substances at and emanating from their Property and operations.

34.     Plaintiff is informed and believes and on that basis alleges that Defendants disposed and released hazardous substances into the environment at the Site as a result of the use and storage of such chemicals in connection with their

drycleaning operations, and that Defendants failed to warn Plaintiff of the contamination associated with the drycleaning solvents used at the Site.

35.    To date, Plaintiff has incurred substantial costs due to Releases and Threatened Releases of Hazardous Substances and Hazardous Wastes at and emanating from the Site.  Plaintiff has incurred such necessary Response Costs consistent with the NCP, 40 C.F.R. § 300, and HSAA, California Health & Safety Code §§ 25300-25495, and in accordance with the requirements of governmental agencies with environmental jurisdiction.  Plaintiff will continue to incur Response Costs in the future to complete the cleanup of subsurface sources of soil contamination at the Site associated with the Releases and Threatened Releases at and emanating from the Defendants' Property.

36.    Plaintiff is informed and believes and on that basis alleges that any contamination of the soil, subsurface soil, and groundwater, or all of the foregoing, at the Site was caused and contributed to by Defendants' maintenance and operation of a drycleaning Facility that has been active since approximately 1971, that such activities caused the Disposal and Release of Hazardous Substances on and into the Environment, and that said Release and Disposal continue and are ongoing. Despite being advised of its ongoing releases of hazardous substances to Plaintiff's Property, Defendants Kim have refused to conduct soil tests on their Property.

37.    Plaintiff files this Complaint herein to recover damages and Response Costs it incurred, and will incur, for removal and remediation of Hazardous Substance and Hazardous Waste contamination on the Site caused and contributed to by Defendants.  Plaintiff further alleges that its Response Costs incurred, and to be incurred, have been and will be consistent with the NCP.

38.    As a result of the contamination of the Site including Plaintiff's property by Defendants' actions and operations, Plaintiff is injured and will continue to suffer injury in the future.  In addition, Plaintiff has incurred and will continue to incur Response Costs and fees including investigation and remediation

costs and attorney fees associated with the contamination caused and contributed to by Defendants.

39.     By releasing PCE and other Hazardous Substances on and under the Site, Defendants have harmed the Site including Plaintiff's Property, reducing its property value and subjecting Plaintiff to potential liability under state and federal environmental laws as an owner and operator of a portion of the Site.

40.     As a proximate result of the Defendants' drycleaning operations at the Site and the releases of PCE-causing contamination to the soil and soil vapor beneath and adjacent to the Site, Plaintiff has incurred and will continue to incur the following damages:

a.  costs of "removal" and "remedial actions" of Hazardous Substances, as those are defined in CERCLA, 42 U.S.C. § 9601(23) and (24);

b.  costs to "respond" to releases of Hazardous Substances, as defined in CERCLA, 42 U.S.C. § 9601(25);

c.  costs incurred to monitor, assess and evaluate the Release of Hazardous Substances;

d.  costs to remove and dispose of any Hazardous Substances and chemicals known by the State of California to cause cancer and/or reproductive toxicity;

e.  costs to remedy permanently the release of Hazardous Substances and chemicals known by the State of California to cause cancer and/or to be toxic to the human reproductive system, including but not limited: (1) the storage, confinement, and cleanup of Hazardous Substances including chemicals known by the State of California to cause cancer and/or reproductive toxicity; (2) the recycling or reuse, diversion, destruction or segregation of reactive wastes; and (3) any other such action necessary to protect public health, welfare and the environment;

f.  additional taxes, assessments, fees, interest, levies, penalties, and/or

taxes arising out of, or related to, any of (a) through (e) above on the grounds that Plaintiff is viewed as an owner and operator of the Site;

g.  a permanent loss in the market value of the Plaintiff's Property at 1680 East Valley Parkway, Escondido, California;

h.  a permanent reduction in the rental value of the Plaintiff's Property at 1680 East Valley Parkway, Escondido, California;

i.  costs to respond to and defend future actions and administrative proceedings arising directly or indirectly from the contamination of the Site on the grounds that Plaintiff is viewed as an owner and operator of the Site; and

j.  attorney fees, expenses and costs arising out of, or related to, any of (a) through (i) above.

41.   As a result of the above, Plaintiff has been and will be damaged in an amount presently unknown, which amount will be proven at trial.

## FIRST CLAIM

**(Strict Liability Under CERCLA § 107 – Recovery of Response Costs)**

42.   Plaintiff hereby incorporates by referenced paragraphs 1 through 41 above, as though set forth herein in full.

43.   Defendants are "persons" as defined by § 101(21) of CERCLA, 42, U.S.C. § 9601(21).

44.   The Site, including 1680 East Valley Parkway, Escondido, California, is, and at all times relevant herein was, a "Facility" within the meaning of § 101(9) of CERCLA, 42 U.S.C. § 9601(9), in that Hazardous Substances have been deposited, stored, disposed of, released, placed, or otherwise have come to be located thereon.

45.   Plaintiff is informed and believes and on that basis alleges Defendants are liable under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), because they are past and current owners and operators of the drycleaning facility, exercised day-to-day

authority and decision-making control, and exercised oversight of the management and control of hazardous waste activities conducted at the Site between 1971 and the present, and/or arranged for the disposal of Hazardous Substances owned or possessed by them at the Site.

46.     The chemicals that have been deposited, stored, disposed of, released, placed, transported to, or otherwise have come to be located at and emanating from the Site are "Hazardous Substances" within the meaning of § 101(14) of CERCLA, 42 U.S.C. § 9601(14).

47.     Plaintiff, as owner of the 1680 East Valley Parkway portion of the Site to which Hazardous Substances were released, may be potentially liable for response costs in connection with the Environmental Conditions at the Site as an owner and operator, and for reimbursement to the United States or the State of California if either undertakes such activity, pursuant to the provisions of CERCLA, 42 U.S.C. §§ 9601-9675.

48.     The actions and omissions of Defendants in failing to take reasonable steps to remediate the Environmental Conditions due to these Hazardous Substances has caused or resulted in a "release" of Hazardous Substances at the Site within the meaning of § 101(22) of CERCLA, 42 U.S.C. § 9601(22), and/or the exacerbation of such release.

49.     As a direct and proximate result of the actions and omissions of each of the defendants, Plaintiff has incurred and will continue to incur response costs in investigating and attempting to characterize Environmental Conditions at the Site, including but not limited to soil and soil vapor and indoor air sampling; and drilling soil borings as necessary to determine the full nature and extent of the contamination.  These response actions have been and will continue to be taken for the purpose of obtaining adequate information to determine feasible remedial alternatives.

50.     The costs that have been incurred or that will be incurred, including

attorney fees, are necessary costs of response that are consistent with the NCP.  The amount of such costs shall be determined at trial.

51.    Defendants are strictly liable under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), as the current past owners and operators of the Site, for all necessary costs of response to investigate and remediate the Environmental Conditions at the Site.

## SECOND CLAIM
### (Right of Contribution Under CERCLA § 113)

52.    Plaintiff hereby incorporates by reference paragraphs 1 through 51 above, as though set forth herein in full.

53.    Plaintiff's potential liability in this action stems from its ownership and operation of the 1680 East Valley Parkway, Escondido, California portion of the Site, to which Defendants as current and past owners and operators and/or disposal arrangers have released Hazardous Substances and/or allowed the exacerbation of the Environmental Conditions at the Site.

54.    Plaintiff is accorded the right under § 113(f) of CERCLA, U.S.C. § 9613(f), to seek contribution from "any other party who is liable or potentially liable" under § 107(a) "for any necessary costs of response" incurred by that party for the investigation and remediation of any and all releases of Hazardous Substances at the Site.

55.    Defendants as past owners and operators of the Site who exercised oversight of the management and control of hazardous Substance and Hazardous Waste activities conducted thereon, or arranged for the disposal of Hazardous Substances at the Site, are parties who are liable or potentially liable under § 107(a) for any necessary costs of response incurred by Plaintiff for the investigation and remediation of any and all disposals and/or releases of Hazardous Substances at the Site.

56.    Plaintiff, therefore, is entitled to complete contribution from each of

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

the Defendants under § 113(f) of CERCLA, 42 U.S.C. § 9613(f), and for all necessary costs of response together with interest and court costs.

### THIRD CLAIM

### (Declaratory Relief Under CERCLA)

(Against All Defendants)

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 56 above, as though set forth herein in full.

58.     Plaintiff prays for a declaratory judgment, pursuant to 28 U.S.C. § 2201 and 42 U.S.C. §§ 9607 and 9613, for the purpose of determining a question of actual controversy between and among the parties, as appears above and as hereinafter more fully appears.

59.     An actual controversy has arisen and now exists between Plaintiff and each of the defendants in that Defendants have denied, or will deny:

    a.  That, as between Plaintiff and themselves, responsibility, if any, for the damages claimed by Plaintiff rests on Defendants and that Defendants' current and past ownership and operation of their drycleaning operations conducted at the Site including their oversight of the management and control of Hazardous Substances activities conducted thereon at all relevant times did not cause Plaintiff's damages as alleged herein; and

    b.  That as a result, Defendants deny or will deny that they are obligated to indemnify Plaintiff for any sums that it has been and may be compelled to pay to third parties as the result of any damages, judgment, or other awards recovered against Plaintiff as a result of the events described in this Complaint.

60.     Plaintiff, therefore, requests that this Court enter a declaratory judgment declaring that Defendants are liable for all or part of the costs plus interest of the past, present, and future actions to be taken by Plaintiff, or other

persons including Defendant consistent with the NCP, to respond to releases or threatened releases at or proximately caused by conditions that existed, exist, or will exist at or in connection with the Site, and for any past or future damages arising from the Site. Plaintiff also seeks that this Court enter a declaratory judgment that Plaintiff deposited no Hazardous Substances at the Site.

## FOURTH CLAIM

**(Contribution Under California Health & Safety Code § 25363(e))**

61.    Plaintiff hereby incorporates by reference paragraphs 1 through 41 above, as though set forth herein full.

62.    The Carpenter-Presley-Tanner Hazardous Substance Account Act, California Health & Safety Code §§ 25300-25395 ("HSAA") was enacted to encourage expedient cleanup of contaminated properties. To provide such encouragement, the legislature included the statutory right of indemnification for those parties who clean up the properties from those parties who are liable for contamination. Responsible parties include current owners of a Facility where contamination is located.

63.    Plaintiff is informed and believes and on that basis alleges that each of Defendants obtained their ownership interest in and engaged in the operations at the Site resulting in the release of hazardous substances over a period of years extending from approximately 1971 until the present, and are the current and past owners and operators of the Site on which soil and soil vapor contamination is located.

64.    Plaintiff has expended, and will continue to expend, funds for removal and remedial activities.

65.    The liability of Defendants under the HSAA has not been determined nor discharged by arbitration under California Health & Safety Code § 25356.6.

66.    Plaintiff is entitled to indemnification, in whole or in part, for all costs incurred for compliance with the requirements of San Diego Regional Water

Quality Control Board ("the Board"), based on Health & Safety Code § 25363.

67.     Plaintiff is providing written notice to the Director of the California Department of Toxic Substances Control in accordance with California Health & Safety Code § 25363(e).

## FIFTH CLAIM

### (Declaratory Relief Under CCP § 1060)

(Against All Defendants)

68.     Plaintiff hereby incorporates by reference paragraphs 1 through 41 above, as though set forth herein in full.

69.     Plaintiff is accorded the right under California Health & Safety Code § 25363(e) to seek contribution or indemnity from anyone who is liable pursuant to the HSAA, California Health & Safety Code §§ 25300-25395, for any costs incurred for removal or remedial action in accordance with the HSAA.

70.     Plaintiff is informed and believes and on that basis alleges that each of Defendants exercised day-to-day authority and decision-making control over Hazardous Waste activities conducted on the Site between approximately 1971 to the present, or otherwise conducted operations at the Site resulting in the releases of Hazardous Substances at the Site into the environment.

71.     As a direct and proximate result of the disposals and/or releases of Hazardous Substances at the Site and the resultant Environmental Conditions thereon, Plaintiff has incurred and will continue to incur costs for removal or remedial actions taken in accordance with the HSAA, with respect to the structures, soil, subsoil, surface water and groundwater at and emanating from the Site.

72.     Plaintiff therefore is entitled to a declaratory judgment under California Code of Civil Procedure § 1060, et seq. setting forth the liability of Defendants for such future response costs.

/ / /

/ / /

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

14

1   / / /

2                           **SIXTH CLAIM**

3                        **(Public Nuisance)**

4                      (Against All Defendants)

5          73.    Plaintiff hereby incorporates paragraph 1 through 41 above, as though

6   set forth herein in full.

7          74.    Plaintiff is informed and believes, and on that basis alleges that by

8   Defendants' actions and omissions in allowing PCE and other Hazardous

9   Substances and Hazardous Wastes at the Site to be released into the environment,

10  Defendants are liable for causing, creating, maintaining or contributing to a public

11  nuisance, as defined in California Civil Code §§ 3479 and 3480, at the Site in that

12  the releases of Hazardous Substances and exacerbation of Environmental

13  Conditions caused and contributed to by each of the defendants has created a

14  condition that is injurious to health or is indecent or offensive to the senses of the

15  public in general.

16         75.    Plaintiff is informed and believes and on that basis alleges that the

17  defendants have caused or contributed to this public nuisance to the detriment of the

18  public, whose health and natural resources have been, and continue to be, adversely

19  affected.  As such, each defendant is the cause-in-fact and the proximate cause of

20  the nuisance condition.

21         76.    Plaintiff is informed and believes and on that basis alleges that the

22  condition of public nuisance at the Site affects the entire community in that the

23  Hazardous Substances released and discharged by the defendants have threatened

24  the groundwater, which is the property of the people of the State of California.

25  These Hazardous Substances have migrated, and continue to migrate, into the

26  environment, continuing to damage the public natural resources of the State of

27  California and thereby depriving the public of the right to have, and depriving

28  numbers of people of the right to the free and full beneficial uses of uncontaminated

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

15

air.

77.     Defendants have caused Plaintiff to suffer special injury as a result of the Environmental Conditions at the Site.  Specifically, Plaintiff has incurred and will continue to incur response costs in investigating and attempting to characterize Environmental Conditions at the Site, including but not limited to soil and soil vapor and indoor air at its property.  These response actions have been taken for the purpose of obtaining adequate information to determine feasible remedial alternatives.  Furthermore, Plaintiff has incurred substantial legal and technical fees and costs to assess responsibility for, and respond to the condition of, nuisance.

78.     The Hazardous Substances in the surface and subsurface soils and indoor and ambient air beneath and adjacent to the Site have commingled to create a single indivisible harm to, and potential endangerment of the public health, welfare and the environment.

79.     Defendants are strictly and jointly and severally liable for abatement of said single, indivisible endangerment to the environment and resulting interference with the public's free use and enjoyment of public resources.

80.     The continuing nuisance condition created by the Hazardous Substance and Hazardous Waste operations conducted by Defendants at the Site between approximately 1971 and the present can be abated at an economical cost.

81.     Plaintiff has given notice to Defendants of the obstruction and endangerment caused by the public nuisance, and requested its abatement, but Defendants have failed and refused, and continue to fail and refuse, to property and timely abate the nuisance or to compensate Plaintiff for damages suffered.

## SEVENTH CLAIM

### (Private Nuisance)

(Against All Defendants)

82.     Plaintiff hereby incorporates by reference paragraphs 1 through 41 above, as though set forth herein in full.

83.     Releases of Hazardous Substances resulting from Defendants' drycleaning operations at the Site between approximately 1971 to the present have unreasonably and substantially interfered with and obstructed Plaintiff's use and enjoyment of its property, and other rights of private occupancy, constituting a nuisance within the meaning of California Civil Code § 3479, which nuisance is continuing and abatable at an economical cost.

84.     Defendants have neglected to abate the continuing nuisance on the Plaintiff's Property.

85.     Plaintiff has not consented and does not consent to this nuisance. Defendants knew or should have known that Plaintiff did not consent to the nuisance condition.

86.     As a direct and proximate result of the continuing nuisance created by Defendants, Plaintiff has incurred and will continue to incur expenses, losses and damages as set forth above.

## **EIGHTH CLAIM**

### **(Negligence)**

### (Against All Defendants)

87.     Plaintiff hereby incorporates by reference paragraph 1 through 41 above, as though set forth herein in full.

88.     Defendants, as current and past owners and operators who exercised oversight of the management and control of the Hazardous Substance and Hazardous Waste activities they conducted at the Site, incidental to their drycleaning operations between approximately 1971 to the present, and/or arranged for the disposal of Hazardous Substances at the Site, owed a duty of care to Plaintiff not to use, manage, and occupy and conduct operations at the Site in such a manner as to allow the release of Hazardous Substances and Hazardous Wastes with the resultant detriment to Site Environmental Conditions, and in turn caused damage to Plaintiff.

89.     Plaintiff is informed and believes and on that basis alleges that since becoming the owners and operators of the drycleaning operations conducted at the Site between approximately 1971 to the present, Defendants have breached their duty to Plaintiff by failing to exercise reasonable care in its use, management, and occupation of the Site and the Hazardous Substance and Hazardous Waste activities conducted thereon.  Defendants negligently used, managed, and occupied its Property in the day-to-day control and management of Hazardous Substance and Hazardous Waste operations they conducted causing and allowing the Release of Hazardous Substances and Hazardous Wastes to the soil and air of the Site with a resulting exacerbation of the Environmental Conditions thereon and failing to take reasonable steps to prevent such exacerbation or remediate the Environmental Conditions.  This breach of duty by Defendants resulted in the worsening of the Environmental Conditions, and has substantially increased Plaintiff's costs to investigate and remediate same.  This harm was reasonably foreseeable to Defendants.

90.     But for Defendants' actions and omissions in exacerbating the Environmental Conditions at the site and failing to take reasonable steps to prevent or remediate same, Plaintiff would not have incurred damages and losses in an amount measured by the investigation and remediation costs due to Defendants' breaches as alleged in paragraph 89.

91.     As a further directly and proximate result of Defendants' actions and omissions as described above, Plaintiff has incurred and will incur in the future substantial, necessary response costs and other costs for investigating, monitoring, engineering, and cleaning-up of the Environmental Conditions at the Site to comply with applicable laws.  Such costs also include, but are not limited to, attorney fees.

## NINTH CLAIM

### (Negligence Per Se)

### (Against All Defendants)

92.    Plaintiff hereby incorporates by reference paragraph 1 through 41 above, as though set forth herein in full.

93.    Defendants were obligated to comply with all applicable laws, regulations, rules and orders of every governmental agency having jurisdiction over the Site or the activities or uses to be conducted on the site, including without limitation those relating to health, safety and environmental protection.

94.    Defendants, by repeatedly releasing and discharging PCE and other Hazardous Substances and Hazardous Wastes as a consequence of the drycleaning operations conducted on the Site between approximately 1971 to the present violated several federal and California statutes, including CERCLA, 42 U.S.C. §§ 9601-9675.

95.    These statutes were enacted for the purpose of protecting the class of persons living in the vicinity of commercial and industrial facilities from personal and property damage caused by environmental pollution.

96.    Plaintiff is within the class of persons protected by these statutes.

97.    The environmental contamination and the resulting damages suffered by Plaintiff as cause-in-fact and proximate cause of Defendants' failure to comply with these statutes are within the harm the statutes were intended to protect against.

98.    Defendants' violations of the federal and state statutes in releasing and discharging PCE and other Hazardous Substances and Hazardous Wastes at the Site are breaches of Defendants' duty of care owed to Plaintiff.

99.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered expenses, losses, and damages, as set forth above.

**TENTH CLAIM**

**(Waste)**

(Against All Defendants)

100.   Plaintiff hereby incorporates by reference paragraph 1 through 41 above, as though set forth herein in full.

101.   The conduct of each of Defendants, as previously alleged, has caused the release of Hazardous Substances and Hazardous Waste on the Plaintiff's property at 1680 E. Valley Parkway, Escondido, California.

102.   The conduct of Defendants constitutes waste and has permanently diminished and depreciated the market value of the Site, has impaired the market value and usefulness of the Site, and has exposed Plaintiff to potential liabilities as the alleged owner and operator.

103.   As a direct and proximate result of the waste committed by Defendants, Plaintiff has suffered increased expenses, losses, and damages as set forth above.

104.   Pursuant to Cal. Code of Civil Procedure § 732, Plaintiff is entitled to treble damages for the waste committed by Defendants.

**ELEVENTH CLAIM**

**(Trespass)**

(Against All Defendants)

105.   Plaintiff hereby incorporates by reference paragraph 1 through 41 above, as though set forth herein in full.

106.   As a consequence of Defendants' drycleaning operations and/or disposal activities conducted between 1971 to the present, Defendants deposited PCE and other Hazardous Substances and Hazardous Wastes upon and beneath the Site without Plaintiff's knowledge or consent, and in a manner that has caused substantial property damage.

107.   Plaintiff is informed and believes and on that basis alleges that

1   Defendants knew or should have known that the release of PCE and other

2   Hazardous Substances and Hazardous Wastes as a consequence of their drycleaning

3   operations and/or disposal activities would result in the entry of foreign matter onto

4   and beneath the Site.

5       108.   Plaintiff has a possessory interest in the Site.  The continuing

6   migration of PCE and other Hazardous Substances and Hazardous Wastes through

7   the soil at and below the Site constitutes a wrongful entry onto Plaintiff's property.

8       109.   As a direct and proximate result of the continuing trespass, Plaintiff

9   has incurred and will continue to incur expense, losses, and damages as set forth

10  above.

## TWELTH CLAIM

### (Equitable Indemnity)

(Against All Defendants)

14      110.   Plaintiff hereby incorporates by reference paragraph 1 through 41

15  above, as though set forth herein in full.

16      111.   Plaintiff has been and will continue to be compelled by the operation

17  of applicable federal and state law as an alleged owner and operator of the Site at its

18  property to incur necessary response costs consistent with the NCP and other

19  abatement costs to investigate, study, and remove the pollutants from the surface

20  and subsurface soils and indoor air beneath and adjacent to the 1680 East Valley

21  Parkway, Escondido, California Site, and to take other response actions necessary

22  to protect public health and the environment, and to enforce the liability schemes

23  set forth in CERCLA and in state and local law.

24      112.   Defendants are liable in whole or in part for this contamination and the

25  Environmental Conditions as a result of their current and past ownership and

26  operation of the drycleaning operations conducted on the Site between

27  approximately 1971 to the present, and/or their arranging for the disposal of

28  Hazardous Substances at the site, and their actions and omissions in allowing and

causing the continued release of Hazardous Substances and/or Hazardous Wastes into the environment at the Site.

113.   Defendants are, therefore, bound and obligated, jointly and severally, to indemnity and hold harmless Plaintiff from and against any and all response costs and any other costs heretofore or hereafter incurred by it in responding to the release of Hazardous Substances and Hazardous Wastes, and to investigate and remediate the Environmental Conditions at the Site.  Defendants are liable for the reimbursement and indemnification of Plaintiff for all response costs and other costs, including attorney fees, which will be incurred as a result of Plaintiff's investigation and remediation of the Environmental Conditions at the Site.

## THIRTEENTH CLAIM

### (Restitution)

### (Against All Defendants)

114.   Plaintiff hereby incorporates by reference paragraph 1 through 41 above, as though set forth herein in full.

115.   Plaintiff has expended money, and continues to do so, in an effort to investigate and remedy the Environmental Conditions at its 1680 East Valley Parkway, Escondido, California Property.  Specifically, Plaintiff has incurred and will continue to incur response costs in investigating and attempting to characterize Environmental Conditions at the Site, including but not limited to soil sampling, soil vapor sampling, indoor air sampling, and analysis of same.  These response actions have been taken for the purpose of obtaining adequate information to determine feasible remedial alternatives.  Furthermore, Plaintiff has incurred substantial legal and technical fees and costs to assess responsibility for and respond to the Environmental Conditions.

116.   The Environmental Conditions at the Site are the legal responsibility of Defendants, to the extent that they created, maintained, and failed to remedy those Environmental Conditions resulting from drycleaning operations Defendants

1    conducted at the Site between approximately 1971 to the present.

2         117.   Plaintiff has expended money, in the manner described above, on

3    behalf of the legal obligation of Defendants to investigate, test, and remedy the

4    Environmental Conditions at the Site.

5         118.   Under the common law principles of restitution, Defendants are

6    required to reimburse Plaintiff for its costs and expenses as herein described.

7    Defendants have failed to provide fully for such reimbursement.

8                                    **PRAYER**

9         WHEREFORE, Plaintiff prays for judgment as follows:

10        1.     For damages against Defendants in an amount to be proven at trial,

11   pursuant to the causes of action set forth above;

12        2.     For judgment against the Defendants for reasonable attorney fees and

13   consultant fees, costs of suit and interest at the time of judgment;

14        3.     For contribution and indemnity from Defendants, and each of them,

15   according to proof, together with interest thereon;

16        4.     That this Court enter a declaratory judgment, pursuant to CERCLA

17   and state law, declaring that Defendants, and each of them are liable for general

18   damages and all costs and expenses, including attorney fees, necessary to respond

19   to the releases or threatened releases of Hazardous Substances at and emanating

20   from the Site;

21        5.     For a mandatory, preliminary and permanent injunction ordering

22   Defendants to undertake, at their expense, all of the environmental engineering,

23   investigation, studies, monitoring and response actions necessary to respond to,

24   abate and remediate fully and promptly the Environmental Conditions at and

25   emanating from the Site including Plaintiff's property in a manner consistent with

26   the NCP;

27        6.     For judgment against Defendants for full restitution to Plaintiff for all

28   environmental cleanup costs, including environmental consulting, engineering, and

attorney fees that have been incurred by Plaintiff in responding to the potential endangerments to health and the environmental presented by the Defendants' handling or disposal of Hazardous Substances and/or Hazardous Waste at the Site, and the resulting Environmental Conditions thereon, according to proof at trial; for nuisance abatement and cleanup costs from Defendants in amount equal to all response costs and all other costs and damages incurred as a result of the nuisance condition resulting from the Release of Hazardous Substances and Hazardous Waste at the Site by said parties, according to proof at trial;

7.      For compensatory, incidental, and consequential damages against Defendants, according to proof, including an award of treble damages pursuant to California Code of Civil Procedure § 732 for creating waste on Plaintiff's property;

8.      That this Court enter a declaratory judgment declaring that Defendants are required to abate the continuing public nuisance at the Site;

9.      For a judgment for attorney fees against Defendants pursuant to California Code of Civil Procedure § 1021.5;

10.     For a judgment for attorney fees against Defendants pursuant to California Code of Civil Procedure § 1021.6; and

11.     For such other relief as this Court deems just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:    February 6, 2020            By: s/Joel R. Meyer
                                      BARNES & THORNBURG LLP
                                      Attorneys for Plaintiff
                                      E-mail: joel.meyer@btlaw.com

                                      David L. Blount (*Pro Hac Vice Forthcoming*)
                                      LANDYE, BENNETT BLUMSTEIN LLP
                                      Attorneys for Plaintiff
                                      E-mail: dblount@lbblawyers.com