UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M&E BROTHERS, LLC,<br><br>                                   Plaintiff,<br><br>v.<br><br>THE ESTATE OF BARBARA HORTMAN et al.,<br><br>                                   Defendants. | Lead Case No.: 3:20-cv-00234-RBM-DEB<br>Case No.:  3:22-cv-01892-RBM-DEB<br><br>**ORDER (1) GRANTING M&E'S MOTION FOR LEAVE TO AMEND AND (2) INSTRUCTING THE PARTIES TO FILE ALL FUTURE PLEADINGS AND DOCUMENTS IN THE LEAD CASE**<br><br>**[Doc. 35]** |

On June 21, 2024, Plaintiff M&E Brothers, LLC ("M&E") filed a Motion for Leave to Amend ("Motion"), which seeks to add one claim for fraudulent conveyance against Defendants Kim Buhler, as administrator and executor of the Estate of Barbara Hortman, and Kim Buhler and Norman Alton Hortman, as trustees of The Norman Alton Hortman and Barbara Hortman Revocable Trust No. 1 Dated July 2, 1985 (the "Hortman Parties"). (Case No. 3:22-cv-01892-RBM-DEB, Doc. 35 at 1, 8.)  In its Motion, M&E argues that it seeks leave to amend without undue delay and in good faith because the proposed

1

amendment is based on new facts and information obtained during the deposition of Kim Buhler only five months ago. (*Id.* at 12–14.[1]) M&E also argues that amendment is not futile because a trustee has a duty to refrain from affirmative misconduct and because California's fraudulent conveyance statutes protect creditors. (*Id.* at 14–17.) Lastly, M&E argues that the proposed amendment will not prejudice the Hortman Parties because it only adds one cause of action and does not significantly alter the factual or legal landscape of the case. (*Id.* at 17–18.) M&E also notes that the Hortman Parties recently amended their own pleading, which contradicts any claim of prejudice. (*Id.* at 18.)

On July 8, 2024, the Hortman Parties filed an Opposition to M&E's Motion ("Opposition"). (Case No. 3:22-cv-01892-RBM-DEB, Doc. 40.) In their Opposition, the Hortman Parties primarily (and repeatedly) argue that M&E is attempting to discover the Hortman Parties' personal financial information for use in negotiations with the Water Board.[2] (*Id.* at 3–10.) The Hortman Parties also argue that amendment is unnecessary to the resolution of this action and that amendment is futile because the Hortman Trust is not subject to creditor claims and M&E cannot allege a viable claim for fraudulent conveyance. (*Id.* at 6–10.)

On July 15, 2024, M&E filed a Reply in Support of its Motion ("Reply"). (Case No. 3:22-cv-01892-RBM-DEB, Doc. 41.) In their Reply, M&E refutes the Hortman Parties' assertion that M&E is attempting to discover the Hortman Parties' personal financial information for use in negotiations with the Water Board.[3] (*Id.* at 6–9, 11–13.) M&E then argues that the Hortman Trust is subject to creditor claims, that the proposed fraudulent conveyance claim is relevant to the resolution of this action, and that the proposed fraudulent conveyance claim is not premature or futile. (*Id.* at 9–14.)

---

[1] The Court cites to the CM/ECF pagination unless otherwise noted.

[2] The Court will not address these arguments and will limit its analysis to the factors governing leave to amend. Any future discovery disputes can be resolved by Magistrate Judge Butcher.

[3] *See* footnote 2.

## I.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs the Court's determination of this Motion. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 15 affords the Court broad leeway to grant plaintiffs leave to amend their pleadings before, during, or after trial. *See* Fed. R. Civ. P. 15.

Before trial, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("'[T]he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) … by freely granting leave to amend when justice so requires.'") (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires.") (internal quotation marks and citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks and citations omitted).

In the Ninth Circuit, "[t]he propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn*, 648 F.2d at 1254; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that, absent undue delay, bad faith or dilatory motive on the part of the movant, a repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., leave to amend should be freely given). "[T]he consideration of prejudice to the opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

3:20-cv-00234-RBM-DEB

"Defendants carry the burden of showing why leave to amend should not be granted." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1154 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989) ("[S]ince Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.")).  Thus, the arguments raised by the Hortman Parties in their Opposition guide the Court's analysis.

## II.   DISCUSSION

As stated above, "[t]he propriety of a motion for leave to amend is generally determined by reference to several factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Hurn*, 648 F.2d at 1254; *see also Foman*, 371 U.S. at 182.  Here, Defendants do not squarely address each factor.  The Court construes the Hortman Parties' arguments as primarily concerning the futility of amendment factor.  The Court addresses each of the Hortman Parties' arguments as they pertain to futility of amendment, as well as the remaining factors, below.

## A.   Futility of Amendment

"Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss— an amended complaint is futile when it would be subject to dismissal." *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 491 F. Supp. 3d 738, 739 (S.D. Cal. 2020) (quotation omitted); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal."); *ABM Indus., Inc. v. Zurich Am. Ins. Co.*, 237 F.R.D. 225, 227 (N.D. Cal. 2006) ("Futility of proposed amendments is evaluated under the Federal Rule of Civil Procedure 12(b)(6) standard.").  An amended complaint is also futile if it could be defeated by a motion for summary judgment.  *See California v. Neville Chem. Co.*, 213 F. Supp. 2d 1142, 1144–45 (C.D. Cal. 2002) ("A proposed amendment is futile if the new claim could be defeated by a motion to dismiss or a motion for summary judgment.").

As stated above, the Hortman Parties' argue (1) that proposed fraudulent conveyance claim is unnecessary to the resolution of this action and (2) that amendment is futile

because (a) the Hortman Trust is not subject to creditor claims and because (b) M&E cannot allege a viable claim for fraudulent conveyance.  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 40 at 6–10.)   However, whether the proposed fraudulent conveyance claim is "necessary" for the resolution of this action is not the issue before the Court.  The issue before the Court is whether the addition of M&E's fraudulent conveyance claim would be futile.

### 1.	The Revocability of the Hortman Trust

The Hortman Parties argue that "any assets held in the Hortman Trust are not available to creditors … given that the Hortman Trust was irrevocable for more than a year before [Barbara Hortman's] death in April 2021[,]" when she became incapacitated, meaning the Hortman Trust is not subject to creditor claims.  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 40 at 6–7.)   M&E responds that "[a]s evidenced by its title—'The Norman Alton Hortman and Barbara Hortman Revocable Trust No. 1, Dated July 2, 1985'—the trust at issue here was revocable until death, which means it is subject to creditor's claims."  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 35 at 16–17.)   Therefore, the Court finds that there are factual disputes regarding when and why the Hortman Trust became irrevocable, undermining the Hortman Parties' assertion that amendment at the pleading stage is futile.  *See Kandy Kiss of California Inc v. Tex-Ellent Inc*, Case No. CV 10-9215 GAF (CWx), 2011 WL 13217764, at *3 (C.D. Cal. Aug. 22, 2011) ("This issue thus presents a fact question that cannot be resolved at the pleading stage. Moreover, Defendants do not—and cannot—contend that Plaintiff's … claim fails as a matter of law …. Plaintiff's proposed amendment would not be futile.") (citation omitted).

The Hortman Parties also argue that the trustees of the Hortman Trust owed M&E "no duty whatsoever."  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 40 at 11.)   While the Hortman Parties are correct that there is no "competing duty to withhold otherwise authorized distribution to beneficiaries to preserve trust assets in favor of a third party with a disputed claim[,]" *Arluk Med. Ctr. Indus. Grp., Inc. v. Dobler*, 116 Cal. App. 4th 1324, 1335 (2004), "nothing … precludes a creditor from seeking to hold a trustee personally

5

liable for improperly distributing assets to a trust beneficiary[,]" *id.* at 1340. "Such a distribution may violate the common law or statutory provisions prohibiting **fraudulent conveyances** …." *Id.* (emphasis added). In other words, "[a]bsent affirmative wrongdoing amounting to a violation of some other legally cognizable duty, … there is no legal authority for subjecting the trustee to personal liability for distributing assets to the trust beneficiaries to the potential detriment of a disputed claimant who later obtains a judgment against the decedent's estate." *Id.* at 1341.[4] As set forth below (*see* Section II.A.2), M&E has a plausible claim for fraudulent conveyance. Thus, even though there was no duty for the trustees of the Hortman Trust to withhold authorized distributions to beneficiaries, the Court cannot say that amendment would be futile based on this absence of a duty alone.

### 2.    Fraudulent Conveyance

California's Uniform Voidable Transactions Act ("UVTA") defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset..., and includes payment of money, release, lease, and creation of a lien or other encumbrance." Cal. Civ. Code § 3439.01. A debtor is liable if the debtor makes a transfer: "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor. (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction. (B) Intended to incur, or believed **or reasonably should have believed that the debtor would incur**, debts beyond the debtor's ability to pay as they became due." Cal. Civ. Code § 3439.04(a) (emphasis added).

---

[4] *See also Arluk Med. Ctr. Indus. Grp., Inc.,* 116 Cal. App. 4th at 1340 ("A trustee may be personally liable to a creditor under circumstances where the distribution constitutes a fraudulent conveyance or other common law tort against the creditor.") (capitalization and punctuation altered).

3:20-cv-00234-RBM-DEB

"Courts are to liberally construe California's [UVTA] 'with a view to effecting their purpose.' [Its] purpose 'undoubtedly is to prevent debtors from placing property which legitimately should be available for the satisfaction of demands of creditors beyond [creditors'] reach.'" *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1186 (C.D. Cal. 2016) (quoting *Borgfeldt v. Curry*, 25 Cal. App. 624 (1914)).

"In general, a voidable transaction is 'a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim.'" *Tatung Co., Ltd.*, 217 F. Supp. 3d at 1186–87 (quoting *Kirkeby v. Super. Ct. of Orange County*, 33 Cal. 4th 642 (2004)). "This is true regardless of whether the debtor made the transfer before or after the creditor's claim arose." *Id.* at 1187 (quoting same). In other words, future creditors as well as present creditors are protected by legislation relating to fraudulent conveyances. *See Kupetz v. Wolf*, 845 F.2d 842, 847 n.7 (9th Cir. 1988); *Mejia v. Reed*, 31 Cal. 4th 657, 664 (2003); *Severance v. Knight-Counihan Co.*, 29 Cal. 2d 561, 567 (1947).

Here, in its proposed amended complaint, M&E alleges that Kim Buhler and Norman Alton Hortman III, as co-trustees of the Hortman Trust, had actual and/or constructive knowledge of the contents of the Water's Board notice; that they had actual and/or constructive knowledge of the lawsuit filed by the Kims against Barbara Hortman; and that they subsequently liquidated the Hortman Trust by conveying all Trust assets to themselves. (Case No. 3:22-cv-01892-RBM-DEB, Doc. 35-1, Ex. D, ¶¶ 35–49.) Thus, M&E concludes that Buhler and Hortman III conveyed assets, monies, and real property from the Hortman Trust to themselves with the intent to defraud, hinder or delay its creditors; that they conveyed the Hortman Trust assets without receiving reasonably equivalent value; that, as a direct and proximate result of their actions, Plaintiff has incurred damages, including costs and reasonable attorneys' fees; and that the conveyances should be returned to the Hortman Trust. (*Id.* ¶¶ 145–152.) Thus, the Court finds that M&E has adequately stated a claim pursuant to California Civil Code section 3439.04(a).

3:20-cv-00234-RBM-DEB

Further, the law is clear that "'[w]hether a conveyance was made with fraudulent intent is a question of fact, and proof often consists of inferences from the circumstances surrounding the transfer.'" *Tatung Co., Ltd.*, 217 F. Supp. 3d at 1187 (quoting *Filip v. Bucurenciu*, 129 Cal.App.4th 825, 834 (2005)). Additionally, a claim for fraudulent conveyance may rely on the success of previously pled claims. *See McNally v. Powers*, Case No. SACV 22-1569 JVS (ADSx), 2023 WL 6373407, at *6 (C.D. Cal. Aug. 2, 2023) ("Defendants only argument is that because the breach of contract and quantum meruit claim fail, so too do the fraudulent conveyance claims. … [T]he statute of limitations did not expire as to the breach of contract claim. Thus, … the [fraudulent conveyance] claims still stand.") Thus, the law as applied in California district courts undermines the Hortman Parties' assertions that M&E's proposed amendment is futile.

**B.      Undue Delay, Bad Faith, and Prejudice**

As stated above, M&E argues that it sought leave to amend without undue delay and in good faith because the proposed amendment is based on new facts and information obtained during the deposition of Kim Buhler only five months ago. (Case No. 3:22-cv-01892-RBM-DEB, Doc. 35 at 12–14.) M&E also argues that the proposed amendment will not prejudice the Hortman Parties because it only adds one cause of action, does not significantly alter the factual or legal landscape of the case, and comes shortly after the Hortman Parties' filing of an amended pleading. (*Id.* at 13, 17–18.) M&E notes that it does not seek to add new parties, that the litigation is in the early stages, that a scheduling order and trial date have not been set, and that the Hortman Parties will have ample opportunity to conduct discovery on the added claim. (*Id.* at 18.)

The Hortman Parties do not refute any of these arguments, instead focusing on M&E's attempts to discover the Hortman Parties' personal financial information for use in negotiations with the Water Board. (Case No. 3:22-cv-01892-RBM-DEB, Doc. 40 at 3–10.) However, as noted above (*see* Section I, n.2), any future discovery disputes can be resolved by Magistrate Judge Butcher. Having adequately alleged a claim for fraudulent conveyance, M&E is entitled to discovery on the claim to the extent permitted by law (*see*

8

Section II.A.2).  The Hortman Parties briefly assert that "M&E's explanation that it did not learn of the basis for the present motion until after the time of Ms. Buhler's deposition on January 5, 2024 is flat wrong."  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 40 at 4.)  The Hortman Parties contend that "[b]ased on public records obtained from the Water Board, M&E was aware as early as August [24,] 2023, and possibly earlier, that assets had been transferred from the Hortman Trust."  (*Id.*)  However, this purported additional four months of the delay does not sway the Court's conclusion that amendment is proper.

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** M&E's Motion and **INSTRUCTS** M&E to file its proposed amended complaint in the Lead Case (Case No. 3:20-cv-00234-RBM-DEB).  On June 13, 2023, the Lead Case and Case No. 3:22-cv-01892-RBM-DEB were deemed related and consolidated.  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 20.)  On June 12, 2024, the Court reminded the parties that, while the Court dismissed Pacific Resources Associates LLC's claims against all parties in the Lead Case, other claims are still pending.  (Case No. 3:22-cv-01892-RBM-DEB, Doc. 33 at 2, n.2.)  Thus, the Court **INSTRUCTS** the parties to file all future pleadings and documents in the Lead Case as previously ordered.

   **IT IS SO ORDERED.**

DATE:  July 18, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:20-cv-00234-RBM-DEB