# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC RESOURCES ASSOCIATES LLC, a Delaware limited liability company, et al.,<br><br>                                Plaintiffs,<br><br>v.<br><br>SUZY CLEANERS, an organization, et al.,<br><br>                                Defendants. | Case No.:  3:20-cv-00234-RBM-DEB<br><br>**ORDER:**<br><br>**(1) DENYING THE KIMS' MOTION TO BIFURCATE TRIAL ON TRESPASS AND NUISANCE CLAIMS**<br><br>**(2) DENYING THE KIMS' MOTION TO SEVER THE TRESPASS AND NUISANCE CLAIMS**<br><br>**[Doc. 215]** |

On July 26, 2024, Guhn Y. Kim and Yun Soon Kim, individually and as husband and wife, and Guhn Y. Kim and Yun Soon Kim, as trustees of The Kim Family Trust of 2017 (collectively, "the Kims") filed a Motion to Bifurcate Trial on Trespass and Nuisance Claims ("Motion to Bifurcate"), or, Alternately, Motion to Sever the Trespass and Nuisance Claims ("Motion to Sever") (collectively, "Motions").  (Doc. 215.)

On August 12, 2024, Kim Hortman Buhler, administrator and executor of the Estate of Barbara Hortman, and Kim Hortman Buhler and Norman Alton Hortman, III, trustees

of The Norman Alton Hortman and Barbara Hortman Revocable Trust No. 1 Dated July 2, 1985 (collectively, the "Hortmans") filed an Opposition to the Kims' Motion to Bifurcate and Motion to Sever ("Opposition"). (Doc. 224.) On August 19, 2024, the Kims filed a Reply to the Hortmans' Opposition ("Reply"). (Doc. 226.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Kims' Motions are **DENIED**.

## I.  BACKGROUND

**A.  Factual Background**

    **1.  Pacific Resources and the 1680 Property**

Pacific Resources Associates LLC ("Pacific Resources") owned the property located at 1680 East Valley Parkway, Escondido, California 92027, a storefront in the Valley Plaza shopping center, from February 12, 2001 until November 2022 (the "1680 Property"). (Doc. 114 at 9.[1])

    **2.  M&E, the Barawids, the Hortman Parties, and the 1718 Property**

M&E Brothers, LLC ("M&E") owns the property located at 1718 East Valley Parkway, Escondido, California 92027, another storefront in the Valley Plaza shopping center (the "1718 Property"). (Case No. 3:22-cv-01892-RBM-DEB, Doc. 13 at 2.) The 1718 Property is located east of Plaintiff's 1680 Property. (Doc. 223 at 9.) M&E acquired the 1718 Property from Michael L. Barawid, Edward L. Barawid, and Flor De Lys L. Barawid (the "Barawids") on December 29, 2004. (Case No. 3:22-cv-01892-RBM-DEB, Doc. 13 at 2.) The Hortman Parties held title to the 1718 Property between September 3, 1987 and August 17, 1999. (*Id.*)

---

[1] The Court cites to the CM/ECF pagination unless otherwise noted.

### 3. The Kims and the 1654 Property

Guhn Y. Kim and Yun Soon Kim, individually and as husband and wife, and Guhn Y. Kim and Yun Soon Kim, as trustees of The Kim Family Trust of 2017 (collectively, "the Kims") own the property located at 1654 East Valley Parkway, Escondido, California 92027, a third storefront in the Valley Plaza shopping center (the "1654 Property"). (Case No. 3:22-cv-01892-RBM-DEB, Doc. 34 at 46–47.) The 1654 Property is located west of Plaintiff's 1680 Property. (Doc. 223 at 9.) The 1654 Property is currently home to Suzy Cleaners. (Case No. 3:22-cv-01892-RBM-DEB, Doc. 34 at 46–47.)

## B. Procedural History

### 1. The 2020 Pacific Resources Action

Pacific Resources initially filed this case on February 6, 2020—over four years ago. (Doc. 1.) Pacific Resources then amended its Complaint on February 3, 2023 (Doc. 83) and on May 1, 2023 (Doc. 114). Pacific Resources alleged that the former and current owners and operators of the drycleaning businesses located at the 1654 Property and the 1718 Property released perchloroethylene ("PCE") into the soil beneath the properties, which then migrated and contaminated the soil beneath Pacific Resource's 1680 Property. (*Id.* at 9–11.) Pacific Resources alleged that it incurred substantial response, removal, and remediation costs. (*Id.* at 10–13.) Pacific Resources asserted three causes of action under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), one cause of action under California's Hazardous Substances Account Act ("HSAA"), and nine additional tort and equitable causes of action under California state common law. (*Id.* at 13–26.) Pacific Resources has since settled all of its claims. (*See* Docs. 168, 169, 195.)

On April 27, 2023, the Kims, the owners of the 1654 Property, answered Pacific Resource's Second Amended Complaint, denying all liability. (Doc. 115.) The Kims also filed third-party claims against M&E, the Barawids, the Hortman Parties, and other former owners and operators of the drycleaning businesses previously located at the 1718 Property for (1) contribution under CERCLA, (2) equitable indemnity, (3) indemnity/contribution

under the HSAA, (4) federal declaratory relief, (5) state law contribution, (6) trespass, and (7) private nuisance (the "Kims' Third-Party Complaint"). (Doc. 115 at 17–27.) **The Kims' Third-Party Complaint is the subject of their Motions and this Order.**[2]

Likewise, on May 19, 2023, the Hortman Parties answered Pacific Resources' Second Amended Complaint, denying all liability. (Doc. 129.) Additionally, the Hortman Parties filed crossclaims for contribution and/or indemnity under CERCLA, HSAA, and California Civil Code section 1432 against the Kims and M&E, among others. (Doc. 129 at 32.) The Hortman Parties also filed a Third-Party Complaint against prior owners and operators of the 1718 Property dating back to the 1960s for contribution and/or indemnity under CERCLA, HSAA, and California Civil Code section 1432.[3] (Doc. 129 at 48–63.)

### 2. The 2022 M&E Action

On November 30, 2022, Defendant M&E filed a separate action against the Hortman Parties (Case No. 22-cv-01892-RBM-DEB, Doc. 1), which it then amended on March 22, 2023 (Case No. 22-cv-01892-RBM-DEB, Doc. 13) and July 19, 2024 (Doc. 209). M&E contends that it is entitled to the recovery of response costs and contribution for the investigation and cleanup of its 1718 Property (*id.* at 15–19, 26), as well as damages for negligence, public and private nuisance, trespass, waste, and fraudulent conveyance (*id.* at 19–28).

On June 13, 2024, in response to M&E's separate action against them, the Hortmans' filed Counterclaims and a Third-Party Complaint against the Kims, among others. (*See* Case No. 3:22-cv-01892-RBM-DEB, Doc. 34.)

---

[2] In a recent Joint Status Report, the Kims noted that they recently settled with M&E and the Barawids for an undisclosed amount (*see* Doc. 248 at 7); however, the Court is not certain precisely which claims were settled.

[3] As of the date of this Order, not all the prior owners and operators of the 1718 Property have been served. (*See* Docs. 232–234.)

C. **The Kims' Motion to Bifurcate**

In their Motion to Bifurcate, the Kims argue that the bifurcation of the state law tort claims in their Third-Party Complaint is necessary to preserve their right to a jury trial on those claims. (Doc. 215-1 at 8–9.) The Kims also argue that balancing the relevant factors—e.g., judicial economy, the conservation of resources, the risk of prejudice, convenience, the risk of confusion, and more—weighs in favor of bifurcation. (*Id.* at 9–11.) Specifically, the Kims argue that the issue of the source of the contamination is common to all claims and will be decided by the jury and then inform the Court's subsequent decision on the CERCLA and HSAA claims. (*Id.*)

In their Opposition, the Hortmans respond that the Court may conduct a combined jury and bench trial, which will serve judicial economy by avoiding duplicative evidence and expert testimony while still preserving the Kims' right to a jury trial. (Doc. 224 at 3–5.) The Hortmans explain that duplicating costly expert testimony will prejudice them. (*Id.* at 5–7.) The Hortmans also argue that the Kims' concerns regarding their advanced age and the Hortmans' delay tactics are unfounded, that the Kims arguments contradict previous arguments, and that a combined jury and bench trial will avoid confusion. (*Id.* at 7–8.)

D. **The Kims' Motion to Sever**

As an alternative to bifurcation, the Kims argue that the Court should sever their trespass and nuisance claims under Federal Rule of Civil Procedure 21. (Doc. 215-1 at 11–12.) The Hortmans did not address the Kims' Motion to Sever.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(b) provides, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

"Under Rule 42(b), the district court has broad discretion to bifurcate a trial to permit deferral of costly and possibly unnecessary proceedings pending resolution of potentially

dispositive preliminary issues." *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001) (citing *Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir.1995)). "Factors to be considered when deciding whether to bifurcate a trial include: complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case. Bifurcation should be ordered only when it will result in judicial economy and will not unduly prejudice any party." *MySpace, Inc. v. Graphon Corp.*, 732 F. Supp. 2d 915, 917 (N.D. Cal. 2010) (citing *Calmar, Inc. v. Emson Rsch., Inc.*, 850 F. Supp. 861, 865–66 (C.D. Cal.1994)). "Whether and how to bifurcate trials is a matter left within the sound discretion of the district court." *Id.* (citation omitted); *see e.g.*, *Exxon Co.*, 54 F.3d at 575–76, *aff'd sub nom. Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830 (1996) (affirming bifurcation of trial to first establish causation).

A "district judge act[s] within his authority in bifurcating the legal and equitable claims pursuant to [Rule] 42 …." *Dollar Sys., Inc. v. Avcar Leasing Sys.*, Inc., 890 F.2d 165, 170 (9th Cir. 1989). "When legal and equitable claims are joined in the same action, the trial judge has only limited discretion in determining the sequence of trial and 'that discretion ... must, wherever possible, be exercised to preserve jury trial.'" *Id.* (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)). "'Only under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims.'" *Id.* (quoting same).

"The Supreme Court has held that 'where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.'" *Id.* (quoting *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970)). "Thus, where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined *prior* to any final court determination of the equitable claims.'" *Id.* (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)) (emphasis added). "Otherwise, 'prior non-jury trial of the equitable

1  claims may infringe the right to jury trial on the legal claims because of the collateral
2  estoppel or res judicata effect of a prior judicial determination of issues common to the two
3  sets of claims.'" *Id.* (quoting *Calnetics Corp. v. Volkswagen of America, Inc.*, 532 F.2d
4  674, 690 (9th Cir. 1976)). However, "[w]here the 'legal and equitable claims asserted in a
5  single action are entirely independent, the order of trial is immaterial, and may be left in
6  the discretion of the court.'" *Id.* at 171 (quoting 9 C. Wright & A. Miller, Federal Practice
7  and Procedure § 2305, at 35 (1971)).

8  There is some disagreement among federal courts as to whether CERCLA claims
9  brought under 42 U.S.C. §§ 9607 or 9613(f)(1) are equitable or legal in nature. *See Hatco*
10 *Corp. v. W.R. Grace & Co. Conn.*, 59 F.3d 400, 414 (3d Cir. 1995) (holding "that in suits
11 brought under 42 U.S.C. §§ 9607 or 9613(f)(1), the parties are not entitled to a jury trial.");
12 *City of Banning v. Dureau*, No. ED CV 12-00043 BRO (SPx), 2013 WL 6063344, at *1
13 (C.D. Cal. Nov. 18, 2013) (same); *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 287 F. Supp.
14 2d 1118, 1127 n.5 (C.D. Cal. 2003) (same); *California Dep't of Toxic Substances Control*
15 *v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1046 (C.D. Cal. 2002); *but see AMW Materials*
16 *Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 452 (2d Cir. 2009) ("[I]t is by no means
17 clear that the restitution provided by § 9607(a) is equitable, rather than legal, in nature.");
18 *California Dep't of Toxic Substances Control v. Jim Dobbas, Inc.*, No. 2:14-595 WBS
19 EFB, 2014 WL 4627248, at *6 (E.D. Cal. Sept. 16, 2014) ("In light of the uncertainty over
20 whether the right to a jury exists under CERCLA, and the need to err on the side of
21 preserving that right … the court finds disposal of Dobbas's jury demand for these claims
22 inappropriate on a motion to strike."). Nevertheless, the Kims and the Hortmans appear to
23 agree that their CERCLA and HSAA claims are equitable claims not subject to a jury trial,
24 and the Court need not resolve this issue at this time. *See e.g., Torres v. Igdaloff*, No. 2:17-
25 cv-04059-MCS-JEM, 2021 WL 4527748, at *2 (C.D. Cal. July 19, 2021) ("The parties
26 opposing the motion do not dispute that the CERCLA and HSAA claims seek equitable
27 relief, are not jury triable."). Therefore, the Court looks to other California district courts
28 for guidance on the best course of action.

In *Santa Clarita Valley Water Agency v. Whittaker Corporation*, cited by the Hortmans in their Opposition, the Ninth Circuit addressed eight issues on appeal following an 11-day combined jury and bench trial on the parties' state common law, CERCLA, and Resource Conservation and Recovery Act ("RCRA") claims. 99 F.4th 458, 466–70 (2024). The Ninth Circuit explained that the "[t]he common claims for negligence, trespass, public nuisance, and private nuisance were tried before the jury in an 11-day trial" and that "[f]ollowing the jury trial, the district court issued its Findings of Fact and Conclusions of Law ('FF/CL') as to the statutory claims tried to the bench." *Id.* at 469. The district court's FF/CL's reveal that "[m]ost of the state claims were tried to a jury … leaving the federal claims (and certain related state claims) for [the district court] to decide." *Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. 2:18-CV-06825-SB-RAO, 2022 WL 1976552, at *1 (C.D. Cal. June 6, 2022). Therefore, the "CERCLA, HSAA, and RCRA claims … were tried to the bench rather than the jury. The parties had an opportunity to present additional evidence for this part of the case but elected not to do so, except for one witness …." *Id.* at *8. Thus, it appears the district court first held a jury trial on the parties' state law claims and then subsequently heard additional evidence pertaining solely to the bench trial portion of the case. This interpretation is supported by the proposed "bench plans" filed with the district court.[4] (*See* Case No. 2:18-cv-06825-SB-RAO, Docs. 424–26.)

In contrast, in *Torres v. Igdaloff*, the district court found that bifurcating trial was appropriate. 2021 WL 4527748, at *2. The district court reasoned:

---

[4] Prior to trial, the district court denied the defendant's request to bifurcate the trial into two phases, the first of which would have been a bench trial on the plaintiff's innocent landowner CERCLA defense, which the defendant argued might have eliminated the need for a subsequent jury trial on the state law claims. *See Santa Clarita Valley Water Agency v. Whittaker Corp.*, No. 2:18-cv-06825-SB-RAO, 2021 WL 4340520, at *1 (C.D. Cal. July 22, 2021). Without discussing the parties' rights to a jury trial, the district court expressed concern regarding issues of preemption and decided that bifurcation would not be the prudent choice. *Id.* at *2–3.

> The parties opposing the motion do not dispute that the CERCLA and HSAA claims seek equitable relief, are not jury triable, and are separable from the jury triable claims. This case features multiple sets of parties asserting a complicated network of claims against one another. Bifurcating trial would significantly streamline both proceedings by reducing the number and type of competing claims at each proceeding. Trying the CERCLA and HSAA claims at the same time as the tort and contract claims would waste the jury's time when the parties present evidence pertaining solely to the statutory claims, and would carry a high risk of confusing the jury, especially as to the measure of damages. The Court finds persuasive [the] argument that, given the magnitude of the costs to be allocated under the statutory claims relative to the potential recovery for the tort and contract claims, adjudicating the CERCLA and HSAA claims first may render a jury trial on the remaining claims unnecessary or facilitate a settlement of the remaining claims. Thus, the risk the parties will endure significant prejudice by expending time and resources on a second trial is low. Convenience, judicial economy, and reducing the risk of confusion far outweigh any potential prejudice the opposing parties may suffer from trying the equitable claims separately. The Court exercises its discretion to bifurcate trial and will conduct a bench trial of the equitable claims before a jury trial of the legal claims.

*Id.*

After careful consideration of the Kims' and the Hortmans' positions, as well as a thorough review of the relevant case law, at this time, the Court finds that a combined jury and bench trial, similar to the one conducted by the district court in *Santa Clarita Valley Water Agency v. Whittaker Corporation*, is the most prudent course of action. A combined jury and bench trial will preserve the Kims' right to a jury trial on their state common law tort claims. In addition, a combined jury and bench trial promotes judicial economy and efficiency by limiting the amount of duplicative evidence and expert testimony and avoiding the confusion of issues for the jury. While the Court appreciates the Kims' concerns regarding their advanced age, these concerns do not outweigh the Court's analysis above.[5]

---

[5] While the Court finds that a combined jury and bench trial sufficiently preserves the Kims' right to a jury trial on their state law tort claims and promotes efficiency for purposes

### III.   CONCLUSION

Based on the foregoing, the Kims' Motion to Bifurcate is **DENIED**. Additionally, because the Kims' arguments regarding severance are the same as their arguments regarding bifurcation (*see* Doc. 215-1 at 11–12), the Kims' Motion to Sever is also **DENIED**.

**IT IS SO ORDERED.**

DATE:  November 12, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

of denying the Kims' Motion to Bifurcate, the Court refrains from outlining a more specific course of action at this time.