1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| PACIFIC RESOURCES ASSOCIATES LLC, a Delaware limited liability company, *et al*., | Case No.:  20-cv-0234-RBM-DEB<br>Consolidated: 22-cv-1892-RBM-DEB |
| Plaintiffs, | **ORDER GRANTING THE HORTMANS' MOTION TO ENFORCE PROTECTIVE ORDER AND FOR SANCTIONS** |
| v. | |
| SUZY CLEANERS, an organization, *et al*., | |
| Defendants, | **[DKT. NO. 308]** |
| AND RELATED CROSS-CLAIMS. | |

## I.    INTRODUCTION

Before the Court is the Hortman Parties' Motion to Enforce Protective Order and for Sanctions ("Motion for Sanctions"). Dkt. No. 308. For the reasons discussed below, the Court **GRANTS** the Hortmans' Motion for Sanctions and awards sanctions against the Kims' counsel. *See* Dkt. No. 308.[1]

---

[1] The "Hortmans" are Kim Buhler, the court appointed administrator and executor of the Estate of Barbara Hortman and co-trustee, and/or Norman Alton Hortman, III, co-trustee of the Norman Alton Hortman and Barbara Hortman Revocable Trust No. 1 Dated July 2,

## II.    PROCEDURAL AND FACTUAL BACKGROUND

This case arises out of alleged soil contamination at the Valley Plaza shopping center in Escondido, California. The remaining claims are between current and former property owners and owners/operators of dry-cleaning businesses allegedly responsible for the contamination.

One disputed issue is whether the Hortmans fraudulently transferred Trust assets to avoid financial responsibility for the Valley Plaza investigation and remediation. The Hortmans produced financial information in response to discovery requests. The Hortmans designated their financial information as "Confidential" and subject to the Court's Protective Order, which requires that "[a]ll confidential information designated as 'CONFIDENTIAL' must not be disclosed by the receiving party . . . and, in any event, must not be used for any purpose other than in connection with this litigation[.]" Dkt. No. 276 ¶ 7.

In a separate administrative proceeding, the San Diego Regional Water Quality Control Board ("Water Board") issued a final Cleanup and Abatement Order ("CAO") for Valley Plaza. The Water Board named the Kims, but not the Hortmans, as responsible parties. Dkt. No. 283 at 30–34. The Kims, through their counsel, filed a Petition for Review with the State Water Resources Control Board challenging the Hortmans' omission from the CAO. *See* Dkt. No. 306-2 ("Water Board Petition"). The Kims' Petition alleges the Hortmans fraudulently transferred Trust assets to themselves and described certain of those assets. *Id*. at 12–13, 17, 19.

The Kims also filed a complaint against the Hortmans in the San Diego County Superior Court ("Superior Court Complaint").[2] The Kims' Superior Court Complaint similarly alleges the Hortmans fraudulently conveyed Trust assets to avoid liability for the

---

1985 (the "Trust"). The "Kims" are third-party Plaintiffs Guhn Y. Kim, Yun Soon Kim, and the Kim Family Trust of 2017.

[2] *Guhn, et al. v. Buhler, et al.*, No. 25-CU-10275-C (Cal. Sup. Ct. Feb. 7, 2025).

alleged soil contamination at Valley Plaza. Dkt. No. 306-3. The Superior Court Complaint also describes the Hortmans' assets. *Id*. ¶¶ 12, 14, 22.

The Hortmans seek sanctions against the Kims and their attorney, alleging they violated the Court's Protective Order by disclosing the Hortmans' confidential financial information in the Water Board Petition and Superior Court Complaint. Dkt. No. 306-1 at 5–6. The Hortmans' Supplemental Brief seeks additional sanctions for a third violation of the Protective Order that allegedly occurred when the Kims' counsel filed a new lawsuit against the Hortmans (and others), *George Landt, et al. v. M&E Brothers, LLC, et al.*, United States District Court, Southern District of California, Case No. 3:25-cv-01364-RBM-DEB ("Landt Action"). Dkt. No. 328.

The Court held a hearing on the Motion for Sanctions. Dkt. No. 326; *see also* Dkt. No. 330 (Sealed Hr'g Tr.). The Court now finds counsel for the Kims violated the Court's Protective Order and imposes sanctions.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 37 grants courts authority to impose sanctions for protective order violations. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934–35 (9th Cir. 1993); *see also Apple, Inc. v. Samsung Elecs. Co.,* No. 5:11-cv-01846-LHK-PSG, 2014 WL 12596470, *5 (N.D. Cal. 2014) ("[T]he Ninth Circuit has repeatedly held that Rule 37 'provide[s] comprehensively for enforcement of all [discovery] orders, including Rule 26(c) protective orders.'" (citing *Westinghouse*, 992 F.2d at 934–35)). "Sanctions are permissible under Rule 37 when a party fails to comply with a court order, regardless of the reasons." *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. 12-cv-0852-WHA-JCS, 2012 WL 1600393, at *8 (N.D. Cal. May 7, 2012).

The Court has "discretion whether to issue sanctions under Rule 37(b), and if so, what types of sanctions to issue." *Cabrales v. BAE Sys. San Diego Ship Repair, Inc.*, No. 21-cv-2122-AJB-DDL, 2023 WL 5985517, at *1 (S.D. Cal. Sept. 13, 2023) (citing *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976)). The sanctions, however,

"must be just" and "specifically relate to the particular claim at issue in the discovery order." *Navalier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Unless the violation was "substantially justified or other circumstances make an award of expenses unjust[,]" the Court "must" order the disobedient party, its attorney, or both, to pay for reasonable expenses caused by the noncompliance. Fed. R. Civ. P. 37(b)(2)(C).

## IV. DISCUSSION

For the reasons discussed below, the Court finds: (A) the Hortmans designated their financial information as "Confidential" and subject to the Protective Order; (B) the Hortmans' designations were proper; (C) the Kims disclosed the Hortmans' confidential financial information in their Water Board Petition and Superior Court Complaint; and (D) sanctions are warranted.

### A. The Hortmans Designated Their Financial Information as Confidential and Subject to the Protective Order

In January 2025, the Hortmans produced financial documents in response to discovery requests. Dkt. No. 308-6. The documents included Trust records, tax returns, and personal bank statements. *Id.*; *see also* Dkt. No. 306-5. The Hortmans also answered interrogatories about Trust assets and distributions. *See, e.g.*, Dkt. No. 306-7 at 6. The Hortmans designated these discovery responses as "Confidential" and subject to the Protective Order. *See* Dkt. No. 308-6.

The Hortmans also gave deposition testimony about their finances and designated this testimony as "Confidential" and subject to the Protective Order. Dkt. No. 306-8 at 4–5 (Hortman Dep.); Dkt. No. 306-9 at 5–6 (Buhler Dep.); Dkt. No. 308-3 ¶¶ 9–10, 12 (McMillan Decl.); Dkt. No. 308-7 (attorney e-mails).

### B. The Hortmans' Designations Were Proper

The Kims' Opposition argues the Hortmans improperly designated their financial information as confidential and subject to the Protective Order. These arguments include: (1) the Hortmans are not "parties" entitled to designate discovery as subject to the

Protective Order; (2) their financial information is not protectable because the Hortman matriarch is deceased; (3) they did not timely designate their deposition testimony as subject to the Protective Order; and (4) their financial information is publicly available.

The Protective Order, however, contains a procedure for a party to challenge the propriety of designating discovery as "Confidential" and subject to the Protective Order: the objecting party must notify the designating party of the objection, "promptly meet and confer," and bring any unresolved disputes to the Court. Dkt. No. 276 ¶ 24. The objecting party "must" treat the materials at issue as confidential "until the Court has ruled on the objection" or the issue is otherwise resolved. *Id.*

The Kims did not invoke this procedure for the discovery at issue. Instead, the Kims publicly disclosed the discovery at issue and now make after-the-fact arguments challenging the designations. This is impermissible. *See, e.g., DS Advanced Enterps., Ltd. v. Lowe's Home Ctrs., LLC*, No. 23-cv-1335-CAB-JLB, 2025 WL 586030, at *1 (S.D. Cal. Feb. 24, 2025) ("[C]ounsel could not unilaterally decide to ignore the designation because he thought it improperly designated."); *Brady v. Grendene USA, Inc.*, No. 12-cv-0604-GPC-KSC, 2015 WL 3554968, at *3 (S.D. Cal. June 5, 2015) ("whether something *should* be designated confidential is irrelevant to [a party's] obligation to comply with the Protective Order"); *Brocade Communs. Sys. v. A10 Networks, Inc.*, No. 10-cv-3428-LHK, 2011 U.S. Dist. LEXIS 99932, at *14 (N.D. Cal. Sep. 6, 2011) ("It is not up to the party filing a document containing information designated as confidential […] to make a subjective decision about whether the designation is accurate. That decision is for the court to make.").

The Kims' arguments also fail on the merits. As counsel for the Kims acknowledged at the hearing on this Motion, Kim Buhler and Norman Hortman are parties in their capacity as trustees, they are living beneficiaries of the Hortman Trust, and they designated the financial information provided in their discovery responses as confidential and subject to the Protective Order. Dkt. No. 330 at 31. Confirming this, the discovery at issue was

requested and produced pursuant to Federal Rules of Civil Procedure 30, 33, and 34, which are not available to obtain discovery from non-parties.

The Court also finds the Hortmans timely designated their deposition testimony as subject to the Protective Order. At the outset of the depositions, and anticipating the questioning would seek financial information, the Hortmans' counsel designated the depositions as subject to the Protective Order. Dkt. No. 306-8 at 4; Dkt. No. 306-9 at 5–6. Counsel for the Kims did not object. *Id*. Once the transcripts were prepared, the Hortmans' counsel narrowed the designations by identifying the specific pages and lines of testimony subject to the Protective Order. Dkt. No. 308-7 at 1, 3. The Court finds this two-step procedure is reasonable and proper, especially in the absence of a contemporaneous objection.

The Kims' argument that the Hortmans' financial information is publicly available is based on internet searches the Kims' counsel conducted in preparation for the Motion hearing. Dkt. No. 330 at 19. Thus, the internet searches were not the source of the information disclosed. Moreover, the searches were informed by the confidential information the Hortmans produced in discovery. *Id*. at 18–19. The Court, therefore, finds after-the-fact internet searches irrelevant to the analysis.

C. <u>The Kims Disclosed the Hortmans' Confidential Financial Information in the Water Board Petition and Superior Court Complaint</u>

The Kims disclosed the Hortmans' confidential financial information in their Water Board Petition. The Petition describes the type, quantity, and value of the Hortman Trust assets and specifically references this litigation. Dkt. No. 306-2 at 17, 19. The Petition also identifies the Hortman parties by name. *Id*. at 15.

The Kims also disclosed the Hortmans' confidential financial information in their Superior Court Complaint. The complaint describes Trust distributions and specific asset types and values. Dkt. No. 306-3 at 4–8.

At the May 2025 hearing, counsel for the Kims acknowledged the discovery subject to the Protective Order was the source of at least some of the information in the Water

Board Petition and Superior Court Complaint. Dkt. No. 330 at 18–19, 23–25. The Court, therefore, finds the Kims violated the Protective Order by disclosing the Hortmans' confidential financial information outside of this litigation.

### D.    Sanctions are Warranted

The Court finds compensatory sanctions under Rule 37(b)(2)(C) are warranted to redress the Kims' violations of the Protective Order. For the reasons discussed above, the Kims' violations of the Protective Order were not substantially justified, and no other circumstances make sanctions unjust.

Counsel for the Hortmans notified counsel for the Kims of the violations, but counsel for the Kims initially refused to take any action to mitigate the improper disclosures. Dkt. No. 308-10; Dkt. No. 308-11. The Hortmans, therefore, filed this Motion to vindicate their rights under the Protective Order. The Court finds sanctions compensating the Hortmans for the attorney's fees incurred in enforcing the Protective Order are appropriate, just, and specifically relate to the Kims' violations. *Cf. Juul Labs, Inc. v. Chou*, No. 21-cv-3056-DSF-PDx, 2022 WL 2161063, at *9 (C.D. Cal. May 6, 2022) (finding attorney's fees sanction unjust in part because counsel "generally cooperat[ed] . . . in attempting to work through logistical issues and resolve problems" prior to raising issue with the court).

The Hortmans seek $15,645 in fees associated with bringing this (and related) Motions (21.7 hours at $350/hour, and 32.2 hours at $250/hour). *See* Dkt. No. 308-16. The Kims' Opposition does not dispute the reasonableness of the fees claimed.

The Court has reviewed counsels' time entries and finds the work and rates reasonable, with two adjustments. The Court excludes 0.10 hour (at the $350 rate) on April 3, 2025 concerning a minute order not included on the docket in this case, and excludes 0.20 hour (at the $250 rate) on the same date, regarding unspecified expert discovery. *See* Dkt. No. 308-16 at 4; *see also* Fed. R. Civ. P. 37(b)(2)(C) (permitting award of "reasonable expenses . . . caused by the failure [to comply]"). The Court, therefore, awards $15,560 in compensatory sanctions (21.6 hours at $350 ($7560.00), plus 32 hours at $250 ($8000.00)). The Court finds this amount adequate to both compensate the

Hortmans for the fees incurred enforcing the Protective Order and deter further violations. The Court finds this compensatory sanction sufficiently addresses any additional disclosure in the related *Landt* litigation discussed in the Hortmans' Supplemental Brief (Dkt. No. 328).

The record establishes counsel for the Kims is responsible for violating the Protective Order, rather than the Kims themselves. *See* Dkt. No. 308-4 (Water Board Petition filed by counsel); Dkt. No. 306-3 at 2 (Superior Court Complaint filed by counsel); Dkt. No. 330 at 40, 42 (counsel for the Kims' acknowledgement of fault). The Court, therefore, imposes this sanction on counsel only. *Cahill v. Nike, Inc.*, No. 18-cv-1477-JR, 2024 WL 3963809, at *6 (D. Or. Aug. 26, 2024) (imposing attorney's fees sanctions on counsel instead of client, "as the party itself played no role in the disclosure.").

## V.    CONCLUSION

The Court **GRANTS** the Hortmans' Motion for Sanctions and **ORDERS counsel for the Kims** to reimburse the Hortmans for costs and fees incurred litigating this motion in the amount of **$15,560.00**. Counsel must make this payment to Hortmans' counsel within thirty days of this Order.

**IT IS SO ORDERED.**

Dated:  December 2, 2025

Honorable Daniel E. Butcher
United States Magistrate Judge

8

20-cv-0234-RBM-DEB